IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **CHRISTINA YOUNG** | ) | |
|     Plaintiff, | ) | |
| | ) | **CASE NO:** |
| | ) | |
| v. | ) | |
| | ) | |
| **RAY OF HOPE COUNSELING** | ) | |
| **SERVICES, INC., JENNIFER LYNN** | ) | |
| **THOMPSON aka LYNN UMSTEAD,** | ) | |
| **and KEVIN UMSTEAD,** | ) | |
|     Defendants. | ) | |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**COMES NOW**, Christina Young, Plaintiff, and hereby files this complaint for damages against Defendant Ray of Hope Counseling Services., Defendant Jennifer Lynn Thompson aka Lynn Umstead, and against Defendant Kevin Umstead, and shows the Court the following:

### PRELIMINARY STATEMENT

1.

Plaintiff files this action against the above-named defendants seeking damages and attorney's fees for Defendants failure to pay Plaintiff Christina Young for minimum wage and overtime in violation of the Fair Labor Standard Act ("FLSA")29 U.S.C. § 206; for violations of the Plaintiff's rights under the Family

and Medical Leave Act ("FMLA"), 29 U.S.C. §2601; and for intentionally inflicting emotional distress.

2.

The Families First Corona Virus Response Act ("FFCRA") and the Coronavirus Aid, Relief, and Economic Security Act ("CARES") expanded the Family Medical Leave to provide leave act to provide paid leave to employees.

## JURISDICTION AND VENUE

3.

Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4.

Venue is proper pursuant to 42 U.S.C. § 2000e-5(f)(3). Venue is also pursuant to 28 U.S.C. § 1391(b), as the Defendant's principal place of business is in the Northern District and Defendant conducts business within the boundaries of the Atlanta Division of the United States District Court for the Northern District of Georgia.

## PARTIES

5.

Plaintiff, Christina Young resides within the boundaries of the Northern District of Georgia, and subjects herself to the jurisdiction of this Court.

6.

Plaintiff was an "employee" of Defendants, as that term has been defined

by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

7.

Plaintiff was employed by Defendant for more than 30 days prior to seeking leave and an eligible employee under as defined by FMLA 29 U.S.C. 2601 as amended the FFCRA titled the Emergency Family and Medical Leave Expansion Act ("EFMLEA"), 29 U.S.C. §2620 and Emergency Paid Sick Leave Act. ("EPSLA") 29 CFR §826.30(b)

8.

Plaintiff is an employee as defined by EFMLEA and EPSLA.

9.

Defendant, Ray of Hope Counseling Services (hereinafter "Ray of Hope"), is a Domestic Corporation incorporated in the State of Georgia with its principal place of business located at 4225 Wade Green Rd., Ste 414, Kennesaw, GA 30144 and may be served with process by personal service of process upon its registered agent Jennifer Lynn Thompson. Defendant is a private sector employer with fewer than 500 workers. Defendant Ray of Hope is an "employer" as the term has been defined by FLSA, 29 U.S.C. §203. Defendant Ray of Hope is an "employer" as that term has been defined by EFMLEA, 29 U.S.C. §2620(a)(1)(B). Defendant Ray of Hope is an "employer" as the term has been defined by EPSLA, 29 CFR §826.40. [1]

---

[1] Defendant is not a health care provider under any of the cited statutes. 29 U.S.C. § 2611(6)

10.

Defendant Jennifer Lynn Thompson aka Lynn Umstead ("Lynn") is a natural person and resident of Cobb County, State of Georgia. Defendant Lynn may be served personally at 4392 Cades Pte., Marietta, GA 30066. Defendant Lynn is and was at all relevant times the owner operator of Ray of Hope. Defendant Lynn is an "employer" as the term has been defined by FLSA, 29 U.S.C. §203. Defendant Lynn is an "employer" as that term has been defined by EFMLEA 29 U.S.C. §2620(a)(1)(B). Defendant Lynn is an "employer" as the term has been defined by EPSLA 29 CFR §826.40.

11.

Defendant Kevin Umstead ("Kevin") is a natural person and resident of Cobb County, State of Georgia. Defendant Kevin may be served personally at 4392 Cades Pte., Marietta, GA 30066. Defendant Kevin is and was at all relevant times an operator and administered payroll and pay for Ray of Hope. Defendant Kevin is an "employer" as the term has been defined by FLSA, 29 U.S.C. §203. Defendant Kevin is an "employer" as that term has been defined by EFMLEA 29 U.S.C. §2620(a)(1)(B). Defendant Kevin is an "employer" as the term has been defined by EPSLA 29 CFR §826.40.

12..

Defendants are engaged in providing counseling services and their work engages and/or concerns interstate commerce.

**FACTS**

13.

Plaintiff re-alleges and incorporates herein each of the above-stated allegations above as if fully restated at length.

14.

Plaintiff was employed by the Defendants beginning in March 1, 2020 as an Administrative Assistant and then as an Appointment Scheduler at the Defendants' Kennesaw location with a rate of pay of $14.50. Plaintiff's work and her co-workers work required them to make calls and talk nearly all day expelling countless aerosol particles in the air.

15.

In early June of 2020, Plaintiff noticed that several employees began experiencing COVID-19 symptoms including but not limited to coughing, a clammy appearance and belabored breathing.

16.

Plaintiff requested that the employer permit Plaintiff and certain employees to work from home (telework) or at the very least implement social distance measures, as Plaintiff and other employees were working in close proximity.

17.

Defendants refused Plaintiff's request to work from home declaring it

would be too difficult to train Plaintiff or provide the equipment.

18.

In the week ending June 6 the unemployment rate was 14.4% leaving 20,929,000 Americans without employment. *See* Press Release, U.S. Dep't of Labor, Unemployment Insurance Weekly Claims (internet) (June 11, 2020). Plaintiff was fearful of losing her job and continued to work in the unsafe environment her employer created.

19.

Defendants demanded that employees keep the information regarding their positive tests to themselves and not disclose their status to other employees. Notwithstanding at or around mid-June of 2020, Plaintiff was informed that an employee who was coughing constantly in her workplace tested positive for COVID-19.

20.

At or around June 15, 2020, Plaintiff began to experience COVID-19 symptoms, and was admitted to the hospital in the Intensive Care Unit (ICU) on June 18, 2020 diagnosed with COVID-19, Multiple Sclerosis, and a brain lesion and would not be discharged from the hospital until June 21, 2020.

21.

As soon as Plaintiff was admitted into the ICU, on June 18, 2020 she was

contacted by Defendants and told that Plaintiff would not be paid leave while seeking medical treatment.

22.

On or about June 22, 2020, one day after being discharged from the hospital, Defendants told Plaintiff that Defendants would not pay Plaintiff for the time she spent in the hospital. Defendants then threatened to terminate Plaintiff's employment if Plaintiff did not return to work immediately.

23.

Plaintiff asked Defendants if Plaintiff could work from home again. Defendants told Plaintiff that Defendants could not accommodate Plaintiff's request to work from home, because Defendants did not have anyone to train Plaintiff. Plaintiff did not require training as Plaintiff already been performing the job without the necessity of additional training before Plaintiff's necessity for leave arose.

24.

Plaintiff was contacted by Defendants on June 30, 2020 demanding that Plaintiff report for work in person at the Kennesaw location immediately.

25.

Plaintiff thereafter informed Defendants that she could not return to work because she had not been cleared by her doctor. On June 30, 2020, Plaintiff

provided Defendants with a note from her doctor that stated that she could not return to work until July 3, 2020 pending a negative test result.

26.

Notwithstanding Plaintiff's inability to return to work physically. Plaintiff worked from home from June 22, 2020 through July 7, 2020 full time while experiencing COVID-19 symptoms.

27.

When Plaintiff attempted to work from home, Plaintiff was constantly harassed, retaliated, and belittled for not being able to work with the same vigor as she could before she fell ill and for her slowed production.

28.

Defendants on several occasions demanded that Plaintiff deliver documents physically in person despite knowing that Plaintiff still was experiencing COVID-19 symptoms and was to quarantine due to government and medical orders.

29.

Defendants were at all times aware that Plaintiff was unwell and diagnosed with COVID-19. Despite Plaintiff's immune system being overworked and compromised Defendants nonetheless required her to go outside and expose herself to other bacteria and viruses.

30.

Plaintiff was never provided an opportunity to heal and recover. Defendants demands caused Plaintiff immense stress.

31.

On or about July 9, 2020, Plaintiff's symptoms worsened, and Plaintiff was admitted to the Cartersville Medical Center emergency room and thereafter diagnosed with Pneumonia.

32.

The doctor thereafter ordered that Plaintiff not return to work until July 23, 2020.

33.

Plaintiff provided notice to Defendants through counsel and through family members that Plaintiff would not be returning to work before July 23, 2020 pursuant to doctor's orders.

34.

Plaintiff informed Defendants employer on July 9, 2020, that Plaintiff would be taking leave pursuant to the provision of the FFCRA from July 9, 2020 until Plaintiff no longer had a qualifying need that necessitated her leave.

35.

Notwithstanding, Defendants terminated Plaintiff's employment on July 17, 2020.

36.

Defendants failed to pay Plaintiff her salaried rate or minimum wage for her work from June 22, 2020 through July 7, 2020.

37.

Defendants failed to pay Plaintiff her mandated sick leave of two-thirds of her regular rate of pay for while on medical leave.

38.

## COUNT I
### VIOLATIONS OF FFCRA, ESPLA, AND EFMLEA

39.

Plaintiff re-alleges all of the paragraphs under heading: Preliminary Statement; Jurisdiction and Venue; Parties; and Facts and incorporate the same herein by reference as if stated verbatim.

40.

Emergency Paid Sick Leave Act ("ESPLA") requires private sector employers with fewer than 500 workers, and government employers, to provide employees who are unable to work or telework with 80 hours (ten days) of paid leave where an employee meets a qualifying condition. 29 CFR §826.21.

41.

After the employee has exhausted the 80 hours or 10 days of work, the

Emergency Family and Medical Leave Expansion Act an employer shall provide paid leave for each day an employee is electing sick leave in an amount of at least two-thirds of an employee's regular rate of pay where the employee elects leave for a qualifying need. 29 U.S.C. §2620

42.

The Emergency Paid Sick Leave Act ("ESPLA"), the Family Medical Leave Act ("FMLA"), the Emergency Family and Medical Leave Expansion Act ("EFMLEA") expansion act defines a qualifying need as any of the following six conditions:

1. Is subject to a Federal, State, or local quarantine or isolation order related to COVID-19;
2. Has been advised by a health care professional to self-quarantine due to concerns related to COVID-19;
3. Is experiencing symptoms of COVID-19 and is seeking a medical diagnosis;
4. Is caring for an individual subject to a quarantine or isolation order by the government or a health care professional;
5. Is caring for a son or daughter whose school or place of care is closed, or whose child care provider is unavailable, because of COVID-19; or
6. Is experiencing any other substantial similar condition specified by the Secretary of Health and Human Services in consultation with the Secretary of the Treasury and the Secretary of Labor.

*See* 29 USC §2620; 29 CFR § 826.20; see also 29 U.S.C. 2612(a)(1)(F).

43.

Plaintiff was entitled to 80 hours of EPSLA at her full rate of pay because she met one or more qualifying conditions.

44.

Plaintiff was and is entitled to pay at two-thirds of her regular rate of pay from Defendants because she met one or more qualifying conditions.

45.

While an Employee is taking Paid Sick Leave or Expanded Family and Medical Leave, an Employer must maintain the Employee's coverage under any group health plan. 29 CFR § 826.110

46.

Defendant willfully, intentionally, and maliciously failed to pay Plaintiff according FMLA, EPSLA or EFMLA.

47.

Defendant willfully, intentionally, and maliciously failed to maintain health care coverage for the Plaintiff according FMLA, EPSLA or EFMLA.

48.

As a direct and proximate result of the Defendants' violation of the EPSLA, EFMLA, and FFCRA Plaintiff has been damaged.

49.

Due to Defendants' EPSLA, EFMLA, and FFCRA violations, Plaintiff is entitled to recover from Defendants minimum wage compensation and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b), the above reference statutes, any other applicable laws all in an amount to be determined at

trial.

## COUNT II
**FAIR LABOR STANDARD ACT (FLSA): MINIMUM WAGE 29 U.S.C. § 206**

50.

Plaintiff re-alleges all of the paragraphs under heading: Preliminary Statement; Jurisdiction and Venue; Parties; and Facts and incorporate the same herein by reference as if stated verbatim.

51.

Defendants failed to pay Plaintiff minimum wage in violation of 29 U.S.C. § 206.

52.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half (1½) times the regular rate of pay for all hours worked in excess of 40 hours in a workweek.

53.

Defendants failed to pay Plaintiff wages at a rate of one and one-half (1½) time his regular rate, for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207.

54.

Plaintiff worked in excess of 40 hours in any given workweek for Defendants without receiving any overtime compensation.

55.

Defendants failed to accurately report, record, and/or preserve records of hours worked by Plaintiff, and thus has failed to make, keep and preserve records with respect to each of its employees sufficient to determine their wages, hours and other conditions and practices of employment in violation of FLSA.

56.

Based upon the conduct alleged herein, Defendants knowingly intentionally and willfully violated the FLSA by not paying Plaintiff the minimum wage and overtime wage under the FLSA. Plaintiff seeks to recover all minimum wages to which they are entitled, in addition to restitution/repayment all fines, charges, and fees Defendants were required to pay to Plaintiff.

57.

Throughout the relevant period of this lawsuit, there is no evidence that Defendants' conduct that gave rise to this action was in good faith and based on reasonable grounds for believing that their conduct did not violate the FLSA.

58.

As a direct and proximate result of Defendants actions and inactions, Plaintiff was damaged.

59.

Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants minimum wage compensation, overtime compensation and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees

and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b), all in an amount to be determined at trial.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

60.

Plaintiff re-alleges all of the paragraphs under heading: Preliminary Statement; Jurisdiction and Venue; Parties; and Facts and incorporate the same herein by reference as if stated verbatim.

61.

Defendants, at all relevant times acted maliciously, intentionally, willfully, wantonly, grossly careless, indifferent and/or reckless toward Plaintiff in failing to provide a safe workplace, interfering with Plaintiff's leave,  subjecting Plaintiff to leave her home after ordered to quarantine potentially exposing others to the virus and exposing Plaintiff to other diseases and viruses.

62.

Defendants' acts are one that evoke outrage or revulsion in a civilized society.

63.

The acts were directed at or intended to cause harm to Plaintiff.

64.

Plaintiff suffered severe emotional distress as a direct result of the acts of Defendant.

65.

Plaintiff's emotional distress was foreseeable from the intentional acts of Defendant.

66.

As a direct and proximate result of Defendants' conduct, has suffered and continues to suffer emotional distress, emotional pain and suffering mental anguish, humiliation, loss of sleep, embarrassment, damage to Plaintiff's reputation, and other past and future pecuniary losses.

67.

Plaintiff is entitled to punitive damages in an amount to punish and/or deter Defendant's conduct.

**WHEREFORE**, the Plaintiff respectfully prays that this Court grant relief as follows:

a) As to Count I and II, issue a declaratory judgment that Plaintiff was an employee and that Defendants were Plaintiff's joint employer, and the practices complained of herein are unlawful under FLSA, FMLA, EFMLEA, FFCPA and EPSLA;
b) As to Count I and II, award Plaintiff judgment for wages at the minimum rate, as well as liquidated damages, interest and attorney's fees as provided by the relevant statutes;
c) As to Count II, award Plaintiff a judgment for lost overtime compensation calculated at one and one-half times the regular rate that Plaintiff would have received but for Defendants' unlawful conduct, as well as liquidated

damages, interest and attorneys' fees;

d) Award Plaintiff costs of this action, including expert fees;

e) Enter an award for punitive damages against the Defendant in an amount to be determined by a jury of enlightened conscious; and

f) That the Plaintiff be awarded any further relief as the Court may deem just, proper and equitable under the facts and circumstances of the case.

This 2nd day of  September  2020.

                                                Respectfully submitted,

                                                Danielle I. Warlick
                                                Attorney for Plaintiff
                                                Georgia Bar No. 831855

**TURNER | WARLICK**
2014 Township Drive
Woodstock, Georgia 30189
Tel:   770.940.2437
Fax:   678.401.0329
Email: danielle@redefiningcounsel.com